## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-50584
Summary Calendar

IN THE MATTER OF: JAMES G. LACHANCE,

Debtor,

JAMES G. LACHANCE,

Appellant,

versus

PETER M. KREISNER,

Appellee.

Appeal from the United States District Court
for the Western District of Texas
(A-98-CV-131)

November 23, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant James LaChance ("LaChance") appeals the final judgment of the district court which affirmed the bankruptcy court's order granting summary judgment against LaChance. For the following reasons we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1987, Joseph and Virginia Falcone ("Falcones") filed suit in Texas state court against LaChance for breach of fiduciary duty and other causes of action dealing with LaChance's mishandling of a trust for the Falcones' children. LaChance filed counterclaims against the Falcones and a third party action against Appellee Peter Kreisner. Kreisner had previously served as

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

LaChance's attorney and Kreisner was the drafter of the trust agreement that became the subject of the state court litigation. LaChance alleged that Kreisner committed malpractice in the drafting of the trust agreement by failing to properly advise LaChance concerning the Texas trust statutes. The Texas trial court granted summary judgment in favor of Kreisner. In a bench trial the Texas trial court awarded each of the Falcones' children $25,000 in damages for LaChance's breach of fiduciary duties.

In 1997, LaChance filed for bankruptcy. LaChance also initiated an adversarial proceeding against the Falcones and Kreisner in order to relitigate all the issues that were resolved in the state court. The bankruptcy judge granted summary judgment to the Falcones holding that the judgment debts were not dischargeable. The bankruptcy judge also held that the doctrine of collateral estoppel prevented LaChance from relitigating the state court claims against Kreisner in the bankruptcy court. The district court affirmed the bankruptcy court's grant of summary judgment. The district court discussed five points of error regarding LaChance's claims against the Falcones and Kreisner. However, LaChance has only sought review of the district court's rulings on the claims involving Kreisner. The Falcones are not parties to this appeal.

DISCUSSION

We review a bankruptcy court's grant of summary judgment as if that decision had been directly appealed to this court. See Goforth v. Goforth, 179 F.3d 390, 392 (5th Cir. 1999). We review the grant of summary judgment de novo. See Lynch Properties, Inc. v. Potomac Ins. Co., 140 F.3d 622, 625 (5th Cir. 1998).

The bankruptcy court found that LaChance's claims against Kreisner were barred by the statute of limitations and ordered Kreisner to file a motion to dismiss.[1] The causes of action which

---

[1] The bankruptcy court subsequently dismissed Kreisner form the attempted adversarial proceedings filed by LaChance.

2

LaChance asked the bankruptcy court to consider were based on documents drafted by Kreisner in 1987. We conclude that these causes of action filed by LaChance which are based on the 1987 trust agreement are therefore barred by the statute of limitations.

The bankruptcy court also found that LaChance's claims against Kreisner are barred by res judicata. The state court granted summary judgment in favor of Kreisner on LaChance's malpractice claims. LaChance asked the bankruptcy court to decide these same malpractice claims in the bankruptcy proceedings. Therefore, we conclude that LaChance's claims against Kreisner are barred by res judicata.

We affirm.

AFFIRMED.